EDWARD A. ELLIOTT v. ALBERT IVES, ALBERT IVES JR. AND BUTLER IVES.

*Warrant of attorney—Judgment upon confession.*

A warrant of attorney need not be proved to sustain a confession of judgment taken thereunder within a year and a day after its execution.

The Superior Court of Detroit has jurisdiction of proceedings to take judgment under warrant of attorney.

Error to Superior Court of Detroit. Submitted June 17. Decided June 23.

ASSUMPSIT. Defendant brings error. Affirmed.

*Ed. E. Kane* for plaintiff in error. An attorney's general authority does not extend to appearing and confessing judgment when process has not been served upon the party himself, *Bank v. Boyd* 3 Den. 258; and a written acceptance of service by the party himself, unsupported by proof of the actual execution of the acceptance, does not give jurisdiction to the court: *Johnson v. Delbridge* 35 Mich. 439.

*Griffin & Dickinson* and *Geo. H. Lothrop* for defendants in error.

GRAVES, J. Error is here alleged upon a judgment of the Superior Court of the city of Detroit, purporting to have been given on a confession by an attorney-at-law made under a warrant of attorney executed by the plaintiff in error. The cause of action was two notes made by Elliott, at Detroit, September 20, 1878, and the warrant of attorney was given at the same time. It authorized the entry of judgment at any time after the 24th of September, and the confession was executed and the judgment entered on the 25th. Hence the making of the notes, the execution of the warrant of attorney and the confession and judgment were all within five days. It is now contended that there is apparent error because the record does not show affirmatively that the warrant of attorney was proved before judgment was taken.

The statute calls for no such proof (Comp. L. § 6078), and it seems to be the established practice not to require it unless a year and a day shall have elapsed subsequent to the warrant: *Manufacturers' etc. Bank of Philadelphia v. St. John* 5 Hill 497 and cases; 2 Burrill's Pr. 241, *et seq.* It is probable the courts would use a wise discretion if they required it generally, but the failure to exact it where the time is not above a year and a day is not error. The warrant of attorney was sufficient to authorize proceeding in the Superior Court, and

we have no doubt of the competency of that court to enter-
tain the proceeding, under the appeal made to its jurisdiction.

The judgment must be affirmed with costs.

The other Justices concurred.